## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| JONATHAN D. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 0:13-cv-01310-DSD-JSM |
| | ) | |
| CONSUMER PORTFOLIO SERVICES, | ) | |
| INC., MS STEWART, DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT CONSUMER PORTFOLIO SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Consumer Portfolio Services, Inc. ("Defendant"), by counsel, states as its

Answer to Plaintiff's First Amended Complaint, as follows:

### Introduction

1.      Plaintiff is suing the Defendant debt collectors because Defendants harassed Plaintiff during repeated collection calls, threatened to garnish Plaintiff's wages, threatened to negatively affect Plaintiff's credit, discussed Plaintiff's personal financial matters with at least one third-party, and threatened to send the sheriff to Plaintiff's house.

**ANSWER:**      Defendant denies the allegations of this paragraph.

### Jurisdiction

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227 for the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is also available pursuant to the TCPA.

**ANSWER:**      Defendant admits that based on the allegations of Plaintiff's Complaint, this

Court has subject matter jurisdiction.  Defendant denies the remaining allegations of this

paragraph.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

**ANSWER:**     Defendant denies the allegations of this paragraph.

4.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

**ANSWER:**     Defendant admits that based on the allegations of the Complaint, venue in

this District is proper.  Defendant denies the remaining allegations contained in this

paragraph.

## Parties

5.     Plaintiff Jonathan D. Gibson is a natural person who resides in Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

6.     Defendant Consumer Portfolio Services, Inc. ("CPS") is a California corporation that operates from an address of P.O. Box 57071, Irvine, CA, 92619, Defendant CPS's registered agent in Minnesota is C T Corporation System Inc., 100 South Fifth Street, Suite 1075, Minneapolis, MN 55402. Defendant CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:**     Defendant admits that it is a California corporation with its principal place of

business located in Irvine, California.  Defendant admits that CPS's registered agent in

Minnesota is CT Corporation System, Inc., 100 South Fifth Street, Suite 1075, Minneapolis,

Minnesota 55402.  Defendant denies the remaining allegations of this paragraph.

7.     Defendant Ms. Stewart is a natural person that was employed by Defendant CPS at all relevant times, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

8.      Defendants Does 1-10 are each a natural person that were employed by Defendant CPS at all relevant times, and are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

## Factual Allegations

*Background*

9.      Defendant CPS attempted to collect from Plaintiff an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the alleged unpaid balance on an automobile credit agreement.

**ANSWER:**      Defendant admits that it attempted to collect from Plaintiff an unpaid balance on an automobile retail installment contract.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's "financial obligation ... was primarily for personal, family or household purposes" and, on that basis, denies this allegation.  Defendant denies the remaining allegations of this paragraph.

10.     This alleged debt was consigned, placed or otherwise transferred to Defendant CPS for collection from Plaintiff.

**ANSWER:**      Defendant admits that the automobile retail installment contract that formed the basis of Plaintiff's debt was assigned to Defendant.  Defendant denies the remaining allegations of this paragraph.

11.     Defendant CPS and the collectors employed by Defendant CPS have repeatedly and willfully contacted Plaintiff on his cellular telephone and each contact was a "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and violations of the FDCPA and TCPA.

**ANSWER:**      Defendant denies the allegations of this paragraph.

*Plaintiff Attempts to Surrender the Car to Defendant CPS*

12.     On or about July 2012, Plaintiff began receiving collection calls from Defendant CPS, and each call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**     Defendant admits in July 2012, it made telephone calls to Plaintiff regarding

his debt.  Defendant denies the remaining allegations of this paragraph.

13.     Plaintiff repeatedly explained to Defendant CPS's collector that he could not afford to pay the debt and offered to surrender the car to Defendant CPS, or words to that effect.

**ANSWER:**     Defendant admits that Plaintiff has claimed from time to time that he could

not afford to pay the debt.  Defendant denies the remaining allegations of this paragraph.

14.     Plaintiff further explained that the car was currently sitting in the parking lot of his apartment building, but it could not sit there much longer, or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

15.     Plaintiff was told that Defendant CPS's collector did not want the car, they wanted money, or words to that effect.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

16.     Defendant CPS's collector told Plaintiff to sell the car, or words to that effect.

**ANSWER:**     Defendant admits that it advised Plaintiff that if he could not afford to pay the

amounts that he owed, then he could possibly try to sell the car.  Defendant denies the

remaining allegations of this paragraph.

*Defendant CPS Continues to Call Plaintiff*

17.     In or about August 2012, Plaintiff engaged in numerous telephone calls with Defendant CPS, and each call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**     Defendant admits that in August 2012, it engaged in telephone calls with

4

Plaintiff.  Defendant denies the remaining allegations of this paragraph.

18.    Defendant CPS requested payment from Plaintiff, who again explained he could not make a payment.

**ANSWER:**    Defendant admits that during certain communications with Plaintiff, CPS

requested payment on Plaintiff's debt, and that Plaintiff stated he could not make a

payment.  Defendant denies the remaining allegations of this paragraph.

19.    Plaintiff told Defendant CPS that he would be forced to sell the car for scrap, because it could not continue to sit in the parking lot of his residence.

**ANSWER:**    Defendant denies the allegations of this paragraph.

20.    Defendant CPS then told Plaintiff to try and find a buyer for the vehicle, or words to that effect.

**ANSWER:**    Defendant admits that it advised Plaintiff that if he could not afford to pay the

amounts he owed, then he could possibly try to sell the car.  Defendant denies the

remaining allegations of this paragraph.

21.    Soon thereafter, Plaintiff informed Defendant CPS's collector that a buyer was interested in purchasing the vehicle for approximately $1,300, or words to that effect.

**ANSWER:**    Defendant admits that Plaintiff told CPS that a buyer was interested in

purchasing the vehicle.  Defendant denies the remaining allegations of this paragraph.

22.    Defendants CPS's collector told Plaintiff that they didn't want $1,300, they wanted the entire amount.

**ANSWER:**    Defendant denies the allegations of this paragraph.

23.    At some point thereafter, Plaintiff sold the car for scrap and informed Defendant CPS that he had no choice but to sell it for scrap, or words to that effect.

**ANSWER:**    Defendant admits that Plaintiff informed it that he had sold the car for

"scrap."  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations that "Plaintiff sold the car for scrap" and, on that basis, denies these

allegations.  Defendant denies the remaining allegations of this paragraph.

24.    Defendant CPS then requested the contact information for the scrap company and the building manager for Plaintiff's residence, so that they could confirm that the car was scrapped, or words to that effect.

**ANSWER:**    Defendant admits that it requested contact information for the scrap

company to confirm that the car was scrapped.  Defendant denies the remaining allegations

of this paragraph.

25.    Defendant CPS then again requested that Plaintiff make a payment.

**ANSWER:**    Defendant admits it requested that Plaintiff make payments on the amounts

he owed.

26.    As he had previously explained, Plaintiff stated he could not make a payment in that amount.

**ANSWER:**    Defendant admits that during certain communications with Plaintiff, he

stated he could not make a payment.  Defendant denies the remaining allegations of this

paragraph.

27.    Soon thereafter, the call ended.

**ANSWER:**    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

28.    These calls were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), amongst others, as well as violations of the TCPA.

**ANSWER:**    Defendant denies the allegations of this paragraph.

*Defendant CPS Threatens to Ruin Plaintiff's Credit*

29.    In or about August 2012, Plaintiff received a collection call from Defendant CPS, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**      Defendant admits that in August 2012, it called Plaintiff in an attempt to

collect his debt.  Defendant denies the remaining allegations of this paragraph.

    30.     Defendant CPS's collector requested a payment of approximately $500 from
Plaintiff, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

    31.     Plaintiff said he could not afford a payment of $500 or words to that effect.

**ANSWER:**      Defendant admits that Plaintiff stated that he could not afford to make a

payment.  Defendant denies the remaining allegations of this paragraph.

    32.     Defendant CPS's collector told Plaintiff that they would ruin his credit, or
words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

    33.     This call was an illegal attempt to collect this debt in violation of numerous
and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d,
1692e, 1692e(5), 1692e(8), and 1692e(10), amongst others, as well as violations of the
TCPA.

**ANSWER:**      Defendant denies the allegations of this paragraph.

*Defendant CPS Harass Plaintiff's Girlfriend*

    34.     In or around August 2012, Plaintiff's girlfriend received a series of collection
calls from Defendant CPS, and this call was a "communication" in an attempt to collect a
debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations that "Plaintiff's girlfriend received a series of collection calls from

Defendant CPS" and, on that basis, denies these allegations.  Defendant denies the

remaining allegations of this paragraph.

    35.     Defendant CPS's collector asked Plaintiff's girlfriend if she knew where the
car was, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

36.     Defendant CPS's collector told Plaintiff's girlfriend that they "needed it, we need to repossess it" or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

37.     Defendant CPS's collector told Plaintiff's girlfriend that Plaintiff's account was delinquent and they need to get information on the car, or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

38.     Plaintiff's girlfriend told Defendant CPS's collector to stop calling her, or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

39.     Plaintiff's girlfriend never asked Defendant CPS to call her, nor did she give them permission to call her.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

40.     Plaintiff's girlfriend received at least one call from Defendant CPS after she told them to stop calling her.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

41.     Plaintiff's girlfriend received at least one voicemail from Defendant CPS. In the voicemail, Defendant CPS stated they were attempting to collect a debt from Plaintiff, or words to that effect.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

42.     These calls were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692e, and 1692e(10), amongst others, as well as violations of

the TCPA.

**ANSWER:**   Defendant denies the allegations of this paragraph.

*Defendant CPS Tell Plaintiff's Co-Worker They Want to Repossess Plaintiff's Car*

43.    On or about September 27, 2012, Defendant CPS called Plaintiff's workplace, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**   Defendant admits that on September 27, 2012, it called Plaintiff's workplace.

Defendant denies the remaining allegations of this paragraph.

44.    Defendant CPS's collector asked Plaintiff's co-worker if they could speak with Steven or Jonathan, or words to that effect.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

45.    Plaintiff's co-worker told Defendant CPS's collector that Plaintiff was not there, or words to that effect.

**ANSWER:**   Defendant admits the allegations of this paragraph.

46.    Defendant CPS's collector told Plaintiff's co-worker that they were trying to repossess Plaintiff's car, or words to that effect.

**ANSWER:**   Defendant denies the allegations of this paragraph.

47.    Soon thereafter, the call ended.

**ANSWER:**   Defendant denies the allegations of this request.

48.    Shortly thereafter the above-described call, Plaintiff was contacted by his co-worker and learned about the collection call.

**ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

49.     Plaintiff was upset that Defendant CPS had contacted his workplace and discussed his personal finances to at least one co-worker.

**ANSWER:**     Defendant denies that it discussed Plaintiff's personal finances with

Plaintiff's co-worker.  Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph and, on that basis,

denies these allegations.

50.     This call was an illegal attempt to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, 1692e(5), and 1692e(10), amongst others, as well as violations of the TCPA.

**ANSWER:**     Defendant denies the allegations of this paragraph.

*Defendant CPS Harasses Plaintiff*

51.     On or about September 27, 2012, Plaintiff received a collection call from Defendant CPS, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**     Defendant admits that on or about September 27, 2012, it called Plaintiff

regarding his debt.  Defendant denies the remaining allegations of this paragraph.

52.     Defendant CPS's collector requested a payment from Plaintiff and told Plaintiff he owed more than $2,400, or words to that effect.

**ANSWER:**     Defendant admits that it requested payment from Plaintiff and that Plaintiff

owed more than $2,400.  Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph and, on that

basis, denies these allegations.

53.     Plaintiff asked Defendant CPS's collector why they were discussing his personal finances with his co-workers.

**ANSWER:**     Defendant denies the allegations of this paragraph.

54.     Defendant CPS's collector told Plaintiff "because you owe a debt" or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

55.     Plaintiff then asked Defendant CPS's collector if it was ok for them to harass him and tell his co-workers about his debt, or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

56.     Defendant CPS's collector told Plaintiff they could do that, or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

57.     Defendant CPS's collector again asked Plaintiff to make a payment, or words to that effect.

**ANSWER:**     Defendant admits that CPS requested payment from Plaintiff.

58.     Plaintiff indicated he could not make a payment.

**ANSWER:**     Defendant admits that Plaintiff stated that he could not make a payment.

59.     Defendant CPS's collector told Plaintiff "that's ok, we're going to send the paperwork to your workplace next Monday to start garnishing your wages," or words to that effect.

**ANSWER:**     Defendant denies the allegations of this paragraph.

60.     Plaintiff then ended the call.

**ANSWER:**     Defendant denies the allegations of this paragraph.

61.      After the call ended, Plaintiff felt depressed, worried, and anxious. Plaintiff was worried that his wages would be garnished and he would be unable to pay his rent and take care of his two-year-old son.

**ANSWER:**     Defendant denies that it stated that it was going to start garnishing Plaintiff's

wages.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in this paragraph and, on that basis, denies these

allegations.

62.     This call was an illegal attempt to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), and 1692e(10), amongst others, as well as violations of the TCPA.

**ANSWER:**      Defendant denies the allegations of this paragraph.

*Defendant CPS Threatens to Send the Sheriff to Plaintiff's House*

63.      On or about November 15, 2012, Plaintiff received a collection call from Defendant CPS, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**      Defendant admits that on or about November 15, 2012, it called Plaintiff

regarding his debt.  Defendant denies the remaining allegations of this paragraph.

64.      Plaintiff spoke with an individual from Defendant CPS that identified herself as Ms. Stewart from the investigation team.

**ANSWER:**      Defendant denies the allegations of this paragraph.

65.      Defendant Ms. Stewart told Plaintiff she was calling because Plaintiff was concealing the vehicle, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

66.      Plaintiff had repeatedly offered to surrender the car and had even told Defendant CPS where the car was located. In addition, after he was unable to sell the car at Defendant CPS's instruction, Plaintiff sold the car for scrap and informed Defendant CPS that he had done so.

**ANSWER:**      Defendant admits that Plaintiff informed it that he had sold the car for

"scrap."  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations that Plaintiff "was unable to sell the car" and that Plaintiff "sold the car for

scrap" and, on that basis, denies these allegations.  Defendant denies the remaining

allegations of this paragraph.

67.      Defendant Ms. Stewart told Plaintiff that [*sic*] was nothing in the record about the car being sold, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

68.       Defendant Ms. Stewart told Plaintiff that she would have the sheriff come to his house and investigate where the car was, and the sheriff would also serve papers on Plaintiff, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

69.      Defendant Ms. Stewart asked Plaintiff where his grandparents lived, because they intended to garnish his grandparents wages, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

70.      Plaintiff asked if they could garnish his grandparents wages and Defendant Ms. Stewart said yes, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

71.      Defendant Ms. Stewart told Plaintiff that their lawyer had filed something regarding a concealed vehicle, and the next step would be to garnish Plaintiff's wages, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

72.      Plaintiff asked Defendant Ms. Stewart if they had to the right to harass him over such a small debt, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

73.      Defendant Ms. Stewart told Plaintiff they did, or words to that effect.

**ANSWER:**      Defendant denies the allegations of this paragraph.

74.      Sometime thereafter, the call ended.

**ANSWER:**      Defendant denies the allegations of this paragraph.

75.      After the phone call, Plaintiff thought Defendant Mrs. Stewart was accusing him of committing a crime and that he would be arrested.

**ANSWER:**      Defendant denies that it accused Plaintiff of committing a crime or stated that

Plaintiff would be arrested.  Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations set forth in this paragraph and, on that

basis, denies these allegations.

76.      This call was an illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(1), 1692e(4), 1692e(5), 1692e(7), and 1692e(10), amongst others, as well as violations of the TCPA.

**ANSWER:**      Defendant denies the allegations of this paragraph.

*Telephone Consumer Protection Act*

77.     At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

**ANSWER:**     Defendant admits the allegations of this paragraph.

78.     At all times relevant to this complaint, Defendant CPS owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no answer is required.  To the extent an answer is required, however, Defendant denies the allegations of this paragraph insofar as they are inconsistent with existing law.

79.     Defendant CPS, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no answer is required.  To the extent an answer is required, however, Defendant denies the allegations of this paragraph insofar as they are inconsistent with existing law.

80.     Defendant CPS, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(28).

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no answer is required.  To the extent an answer is required, however, Defendant denies the allegations of this paragraph insofar as they are inconsistent with existing law.

81.     At all times relevant to this complaint, Defendant CPS have used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

**ANSWER:**     The allegations of this paragraph contain conclusions of law to which no answer is required.  To the extent an answer is required, however, Defendant denies the allegations of this paragraph insofar as they are inconsistent with existing law.

82.     At all times relevant to this complaint, Defendant CPS used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

**ANSWER:**     Defendant denies the allegations of this paragraph.

*Illegal Auto-Dialed Collection Calls in Violation of the TCPA and FDCPA*

83.     Within one (1) year immediately preceding the filing of this lawsuit, Defendant CPS telephoned Plaintiff's cellular phone on numerous occasions, in violation of the TCPA.

**ANSWER:**     Defendant denies the allegations of this paragraph.

84.      Upon information and belief, Plaintiff never provided his cell phone number to the original creditor for this debt or Defendant CPS, nor has he consented to calls from Defendant CPS on that number.

**ANSWER:**     Defendant denies the allegations of this paragraph.

85.     Without Plaintiff's prior express consent, Defendant CPS and it's [*sic*] collectors repeatedly called Plaintiff on his cell phone number using an automatic telephone dialing system to call his cell phone in an attempt to collect this alleged debt.

**ANSWER:**     Defendant denies the allegations of this paragraph.

86.     On numerous occasions, Plaintiff received a number of calls in a short time span from Defendant CPS.

**ANSWER:**     Defendant denies the allegations of this paragraph.

87.     On at least one day, Plaintiff received at least five (5) phone calls from Defendant CPS.

**ANSWER:**     Defendant denies the allegations of this paragraph.

88.     During at least one of these calls, Plaintiff heard messages from Defendants [*sic*] CPS telling them to please wait until the call was connected to a representative, or there was a long silent pause before they disconnected the call.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and, on that basis, denies these

allegations.

89.     During other times when Plaintiff did not answer these calls, Defendant CPS

would leave an automated message that in part indicated that they were a debt collector and instructed them to call Defendant CPS back.

**ANSWER:**     Defendant denies the allegations of this paragraph.

90.     Defendant CPS's messages to Plaintiff were from a prerecorded and/or synthesized computer voice.

**ANSWER:**     Defendant denies the allegations of this paragraph.

91.     The aforementioned calls from Defendant CPS were sent to Plaintiff in willful violation of the TCPA and the FDCPA because Defendant CPS never obtained Plaintiff's prior express consent, and had no basis to believe that it had Plaintiff's prior express consent.

**ANSWER:**     Defendant denies the allegations of this paragraph.

92.     Defendant CPS's repeated autodialed collection calls to Plaintiff's cell phone, within the last one (1) years prior to filing this complaint, were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(10), and 1692f, amongst others.

**ANSWER:**     Defendant denies the allegations of this paragraph.

93.     Defendant CPS's repeated autodialed collection calls to Plaintiff's cell phone, within the last one (1) year prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 et seq.

**ANSWER:**     Defendant denies the allegations of this paragraph.

*Summary*

94.     All of the above-described collection communications made to Plaintiff by Defendant CPS and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the above mentioned provisions, amongst others.

**ANSWER:**     Defendant denies the allegations of this paragraph.

95.     Defendant CPS's actions as described herein left Plaintiff feeling upset, frustrated, angry, and anxious from the persistent and harassing telephone calls by Defendant.

**ANSWER:**     Defendant denies the allegations of this paragraph.

**Respondeat Superior Liability**

96.     The acts and omissions of the individual Defendants, and the other debt

collectors employed as agents by Defendant CPS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CPS.

**ANSWER:**     Defendant denies the allegations of this paragraph.

97.     The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CPS in collecting consumer debts.

**ANSWER:**     Defendant denies the allegations of this paragraph.

98.     By committing these acts and omissions against Plaintiff, these individuals and debt collectors were motivated to benefit their principal, Defendant CPS.

**ANSWER:**     Defendant denies the allegations of this paragraph.

99.     Defendant CPS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and TCPA in their attempts to collect this debt from Plaintiff.

**ANSWER:**     Defendant denies the allegations of this paragraph.

## Trial by Jury

100.     Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

**ANSWER:**     Defendant admits that Plaintiff has demanded a trial by jury in this

paragraph.  Defendant denies the remaining allegations of this paragraph.

## Causes of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

101.      Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

**ANSWER:**     Defendant incorporates its forgoing answers as though fully stated herein.

102.     The foregoing intentional and negligent acts and omissions of Defendant CPS and its agents, within the last one (1) year immediately preceding the filing of this Complaint, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§

17

1692–1692p, with respect to Plaintiff.

**ANSWER:**    Defendant denies the allegations of this paragraph.

103.    As a result of Defendant CPS's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**ANSWER:**    Defendant denies the allegations of this paragraph.

**Count 2:**
**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227 et seq.**

104.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**    Defendant incorporates its forgoing answers as though fully stated herein.

105.    Within the one year period immediately preceding this action, Defendant CPS made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

**ANSWER:**    Defendant denies the allegations of this paragraph.

106.    The acts and or omissions of Defendant CPS at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

**ANSWER:**    Defendant denies the allegations of this paragraph.

107.    As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant CPS at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

**ANSWER:**    Defendant denies the allegations of this paragraph.

108.    Defendant CPS did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

**ANSWER:**    Defendant denies the allegations of this paragraph.

109.    Defendant CPS made such calls willfully.

**ANSWER:**       Defendant denies the allegations of this paragraph.

110.    Under the 47 U.S.C. Section 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

**ANSWER:**       Defendant denies the allegations of this paragraph.

111.    Defendant CPS willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

**ANSWER:**       Defendant denies the allegations of this paragraph.

112.    Plaintiff is entitled to injunctive relief prohibiting Defendant CPS from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**ANSWER:**       Defendant denies the allegations of this paragraph.


## <u>AFFIRMATIVE DEFENSES</u>

Defendant Consumer Portfolio Services, LLC ("Defendant"), by counsel, states as its

Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

1.      To the extent that Defendant placed any automated calls to Plaintiff's cell

phone and called Plaintiff using a prerecorded or automated voice, Defendant did so with

Plaintiff's prior express consent.

2.      To the extent that Defendant is found liable to Plaintiff, the amount of any

liability must be set off by all amounts Plaintiff is obligated to pay Defendant.

WHEREFORE, Defendant Consumer Portfolio Services, LLC respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice, or alternatively, enter judgment in favor of Defendant and against Plaintiff, award Defendant its court costs and attorneys' fees, and award Defendant any other further relief that this Court deems just and equitable.

Respectfully submitted,

CONSUMER PORTFOLIO SERVICES, INC.

By:   /s Chad A. Snyder
      One of its attorneys

Chad A. Snyder (#288275)
Snyder Gislason Frasier LLC
233 Park Ave. S – Suite 205
Minneapolis, MN 55415
Phone: 612-465-0074

Jeffrey D. Pilgrim (pro hac vice)
Raechelle Delarmente Norman (pro hac vice)
Pilgrim Christakis LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Phone: (312) 939-0953
Fax: (312) 939-0983

Attorneys for Consumer Portfolio Services, Inc.

20